UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| United States of America, | |
| Plaintiff, | Case No.  18-cr-20519 |
| v. | Hon. Terrence G. Berg |
| Louis Arzell Gulley, | |
| Defendant. | |

**Stipulated Preliminary Order of Forfeiture**

The United States of America, by and through its attorneys, Matthew Schneider, United States Attorney for the Eastern District of Michigan, and Shankar Ramamurthy, Assistant United States Attorney, together with Defendant Louis Arzell Gulley ("Defendant"), individually and by and through his attorneys, Benton C. Martin, Esq., and Penny R. Beardslee, Esq., hereby submit this Stipulated Preliminary Order of Forfeiture to the Court.

On June 31, 2018, the United States obtained an Indictment against Defendant.  (Dkt. No. 23). The Indictment charged Defendant with Count One, Bank Robbery in violation of 18 U.S.C. § 2113(a).

The Indictment contains Forfeiture Allegations providing notice that, upon conviction of the offense charged in Count One of the Indictment, the Defendant shall forfeit to the United States (1) any property, real or personal, which constitutes or is derived from proceeds traceable to the violation, pursuant to 18 U.S.C. § 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461, and (2) any firearm or ammunition involved in or used in knowing violation, pursuant to 18 U.S.C. § 924, as incorporated by 28 U.S.C. § 2461. Such property includes, but is not limited to, a money judgment in an amount to be determined in United States currency, and all traceable interest and proceeds for which the Defendant is liable. Such sum in aggregate is equal to property representing the proceeds of the aforementioned offense, or traceable to such property, in violation of 18 U.S.C. §§ 2113(a).

On November 6, 2018, the United States filed its First Forfeiture Bill of Particulars under Rule 7(f) of the Federal Rules of Criminal Procedure, providing notice that the United States intends to forfeit, upon Defendant's conviction under Title 18, United States Code, Section 2113(a), property including but not limited to One Thousand Four Hundred Sixty Dollars ($1,460.00) in United States currency,

(hereinafter, the "Subject Property"), pursuant to 18 U.S.C. §§ 924 and 981(a)(1)(C), and 28 U.S.C. § 2461. (Dkt. No. 30).

On or about November 16, 2018, Defendant pleaded guilty to Count One, Bank Robbery in violation of 18 U.S.C. § 2113(a).

In entering into this Stipulation with respect to forfeiture, Defendant expressly waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of forfeiture at sentencing, and incorporation of forfeiture in the judgment, and expressly waives his right to have a jury determine the forfeitability of his interest in any property subject to forfeiture.

In entering into this Stipulation with respect to forfeiture, Defendant acknowledges that he understands that forfeiture is part of the sentence that may be imposed on him in this case, and waives his right to challenge any failure by the Court to advise him of this at the time that his guilty plea is accepted pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J).

In entering into this Stipulation with respect to forfeiture, Defendant knowingly, voluntarily, and intelligently waives any

challenge to the forfeiture of specific property, based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

In entering into this Stipulation with respect to forfeiture, Defendant agrees to immediate entry of this Stipulated Preliminary Order of Forfeiture, and agrees that this Order shall become final as to Defendant at entry.

Based on the Indictment, the Defendant's guilty plea, this Stipulation, and other information in the record, and pursuant to 18 U.S.C. §§ 924 and 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461, **THIS COURT ORDERS** that

1. The Subject Property, One Thousand Four Hundred Sixty Dollars ($1,460.00) in United States currency, IS FORFEITED to the United States for disposition according to law, and any right, title or interest of Defendant, and any right, title or interest that his heirs, successors or assigns have, or may have, in the Subject Property is HEREBY AND FOREVER EXTINGUISHED.

2. There is sufficient nexus between the Subject Property and the offense of conviction and the Subject Property is subject to forfeiture under 18 U.S.C. §§ 924 and 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461.

3. Upon entry of this Stipulated Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), Rule 32.2 of the Federal Rules of Criminal Procedure, and other applicable rules, the United States shall publish on www.forfeiture.gov, notice of this Stipulated Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in any of the Subject Property. The aforementioned notice shall direct that any person, other than the Defendant, asserting a legal interest in the Subject Property must file a petition with the Court within sixty (60) days of the first date of publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n),

to adjudicate the validity of the petitioner's alleged interest in the Subject Property. Any petition filed by a third party asserting an interest in the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, and any additional facts supporting the petitioner's claim, and the relief sought.

4. After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

5. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), this Stipulated Preliminary Order of Forfeiture shall become final as to Defendant at the time of entry and forfeiture of the

Subject Property shall be made part of the Defendant's sentence in this case and included in the Judgment.

6. If no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Stipulated Preliminary Order of Forfeiture shall become the Final Order of Forfeiture, as provided by Federal Rule of Criminal Procedure 32.2(c)(2). If a third party files a petition for ancillary hearing for the Subject Property, the Court shall enter an Amended Order of Forfeiture and/or a Final Order of Forfeiture that addresses the disposition of any third party petitions.

7. After this Stipulated Preliminary Order of Forfeiture becomes the Final Order of Forfeiture and/or after the Court enters a Final Order of Forfeiture that addresses the disposition of any third party petitions, the United States shall have clear title to the Subject Property and shall be authorized to dispose of the Subject Property in such manner as the Attorney General may direct.

8. The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Agreed as to form and substance:

MATTHEW SCHNEIDER
United States Attorney

| | |
|---|---|
| s/ Shankar Ramamurthy | s/ Benton C. Martin |
| Shankar Ramamurthy | Benton C. Martin |
| U.S. Attorneys Office | Penny R. Beardslee |
| 211 W. Fort Street, Ste. 2001 | Attorneys for Defendant |
| Detroit, MI 48226 | 613 Abbott, 5th Floor |
| (313) 226-9562 | Detroit, MI 48226 |
| shankar.ramamurthy@usdoj.gov | (313) 967-5832 |
| (IL 6306790) | (313) 967-5848 |
| | benton_martin@fd.org |
| | penny_beardslee@fd.org |
| Dated: 3/21/19 | Dated: 3/21/19 |
| | |
| | (Signature page attached) |
| | Louis Arzell Gulley |
| | Defendant |
| | |
| | Dated: 3/21/19 |

*******************************************

**IT IS SO ORDERED.**

                                                         /s/Terrence G. Berg
Dated: March 21, 2019     Honorable Terrence G. Berg
                                        United States District Judge

8. The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Agreed as to form and substance:

MATTHEW SCHNEIDER
United States Attorney

_____
Shankar Ramamurthy
U.S. Attorneys Office
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
(313) 226-9562
shankar.ramamurthy@usdoj.gov
(IL 6306790)

Dated: 3/21/19

_____
Benton C. Martin
Penny R. Beardslee
Attorneys for Defendant
613 Abbott, 5th Floor
Detroit, MI 48226
(313) 967-5832
(313) 967-5848
benton_martin@fd.org
penny_beardslee@fd.org

Dated: 3/21/19

_____
Louis Arzell Gulley
Defendant

Dated: 3-21-19

*********************************************